JOHN F. RYAN COUNSELOR AT LAW
ATTORNEYS FOR PLAINTIFF
320 8TH AVENUE, SUITE 2R
BROOKLYN, NEW YORK 11215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

XL INSURANCE COMPANY, (AXA), NEXUS
UNDERWRITING MANAGEMENT LTD.,
HUMAX CO., LTD., APTIV Plc., AND
ELECTROLUX HOLDINGS, INC..

      Plaintiffs,

vs.

ALL-WAYS FORWARDING INT'L.,INC.,
KUEHNE+NAGEL INC. d/b/a BLUE ANCHOR
AMERICA LINE, DANMAR LINES LTD a/k/a
DANMAR LINES AG., YANG MING MARINE
TRANSPORT CORP., AND OEC FREIGHT
COMPANIES INC. a/k/a OEC GROUP.

      Defendants.

-----------------------------------------------------X/

Case No. 21-CV-10177(AT)(BCM)

AMENDED COMPLAINT

## AMENDED COMPLAINT

NOW COMES Plaintiffs, XL Insurance Company, Nexus Underwriting, Humax Co., Ltd., APTIV, Plc., and Electrolux Holdings, Inc. by their counsel John F. Ryan Counselor At Law, and complaining of the Defendants, :

1. Plaintiffs, XL Insurance Company, Nexus Underwriting Management Ltd. at all relevant times, were Marine Cargo Underwriter and Insurance Companies with offices and place of businesses as set out in schedules A-D which are appended hereto and hereby incorporated by reference and made a part hereof. That Plaintiffs XL Insurance Company, Nexus Underwriting Management Ltd. are fully subrogated insures of the shippers, consignees, and/or receivers of the shipments described in schedules A-D and/or persons with a propriety interest in the shipments described in Schedules A-D , and/or a person owning , holding or entitled to possession of the shipments or bills of lading or waybills described in Schedules A-D, and/or a person who is a "merchant" as defined in the bills of lading or waybills described in Schedules A-D, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as "merchants") and brings this action on their own behalf and as trustee on behalf of and for the interest of all parties who may be or become interested in the shipments, as their respective interests may ultimately appear, and Plaintiffs, XL Insurance Company, Nexus Underwriting Management Ltd. are entitled to maintain these actions.

2. Plaintiff, Humax Co., Ltd. at all relevant times is a foreign business and commercial entity and is a subsidiary of Humax Holdings Co., Ltd., and is involved in the manufacture of communication equipment, digital set top boxes (STB) and was the owner/shipper of shipment described in schedule E and is entitled to pursue the cause of action set forth herein.

3. Plaintiff, APTIV, Plc. at all relevant times is an American global technology company involved in manufacturing for the automotive industry, and is a an American Auto Parts Company and business entity duly organized and existing under

and by virtue of the laws of one of the States of the United States with an office and place of business at 5 Hanover Quat, Grand Canal Dock, Dublin Ireland.
and was the owner/shipper of shipment described in schedule F and is entitled to pursue the cause of action set forth herein.

4. Plaintiff, Electrolux Holdings, Inc., at all relevant times is a foreign business and commercial entity involved in the manufacture of Household and Commercial appliances and was the owner/shipper of shipment described in schedule E and is entitled to pursue the cause of action set forth herein.

5. Defendants, All-Ways Forwarding Int;l., Inc., Kuehne+Nagel Inc., d/b/a Blue Anchor America Line, Danmar Lines Ltd. a/k/a Danmar Lines AG., Yang Ming marine Transport Copr., and OEC Freight Companies, Inc., a/k/a OEC Group had and now have the legal status and offices and places of business stated in schedules A-G and were and now are engaged in business as common carrier of goods by sea for hire and or as an ocean transportation intermediary.

6. Each Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel owning common carrier engaged in the carriage of goods to and from a port in the United States of America and/or as an ocean transportation intermediary.

7. This is an action within the admiralty and maritime jurisdiction of this Court as contemplated by 28 U.S.C. Sect. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

8. This matter is properly before this Court based upon the forum selection clause contained in the General Terms and Conditions incorporated in the bills of lading issued by each of the named defendants.

9. Plaintiffs XL Insurance Company, Nexus Underwriting Management Ltd. are in the business to, among other things, issue marine insurance policies to provide insurance coverage for damages to shipments of merchandise while in transit, including shipments like those identified in schedules A-D. That the insured identified in schedules A-D presented to plaintiffs claims for the damages described in this complaint to the cargo and shipments identified in schedules A-D. The plaintiffs, XL Insurance Company, Nexus Underwriting Management Ltd. were obligated under the terms of the insurance policy issued by plaintiffs to pay and they did pay the claims presented by their insureds less any applicable deductible and other costs. After payment of said claims plaintiffs, XL Insurance Company, Nexus Underwriting became and are now entitled to bring these claims in this action as subrogated underwriters and do bring them on their own behalf as well as on behalf of their insureds as their interest may appear, in the amount of $533,584.18.

10. Plaintiff, Humax Co., Ltd. business is to manufacture of communication equipment. That in October of 2020 it was having shipped 5,436 cartons of communication equipment for delivery in Long Beach and Rialto, CA, and South Bend, IN, as identified in schedule E. Plaintiff, Humax Co., Ltd. is entitled to bring this action on it own behalf and on behalf of others as their interests may appear, in the amount of $2,497,904.64

11. Plaintiff, APTIV plc business is to manufacture of automotive parts and equipment. That in October of 2020 it was having shipped 610 cartons of printed circuit boards for delivery in El Paso, Texas as identified in schedule F. Plaintiff,

APTIV plc is entitled to bring this action on its own behalf and on behalf of others as their interests may appear, in the amount of $238,895.06

12. Plaintiff, Electrolux Holdings, Inc. business is to manufacture of Home and Commercial Appliances. That in October of 2020 it was having shipped 717 cartons of Home and Commercial appliances for delivery in Fontana, CA,, as identified in schedule G. Plaintiff, Electrolux Holdings, Inc. is entitled to bring this action on its own behalf and on behalf of others as their interests may appear, in the amount of $240,000.00.

13. That on or about the dates set forth in Schedules A-G these defendants issued bills of lading for the described shipments, including containers nos. and the ports of loading and discharge as well as the place of delivery as set forth in schedules A-G.

14. That the shipments described in schedules A-G were in good order and condition when delivered to the defendants named in schedules A-E and when loaded on board the vessel named in schedules A-G.

15. That on, about and or after November 30, 2020 the defendants identified in schedules A-G or their agents failed to deliver to plaintiffs or their agents the full shipments described in schedules A-G, identified in the referenced bills of lading in good order and condition and failed to deliver the identified cargo or delivered it in a damaged condition.

16. That on, about or after November 30, 2020 these defendants were on notice that the shipments would not be delivered in the same good order and condition as received by defendants but in a damaged condition and that plaintiffs' damages were in the amount of $3,510,353.88 and that it was defendants' legal obligation to pay those damages.

17. That defendants were legally obligated to care for and protect plaintiffs' and/or assureds shipments as described in Schedules A-G during the transit identified on the referenced bills of lading, and to deliver the shipments in the same good order and condition as when the shipments were received by defendants, and that defendants failed to protect plaintiffs' shipments as described in schedules A-E during the referenced voyage. As a result of defendants' breach of contract and negligence plaintiffs have suffered damages in the amount of $3,510,353.88 plus costs and interest.

18. To date, defendants have failed to make any payments to plaintiffs for the damages suffered as a result of defendants' breach of maritime contract and or negligence.

19. In addition to the above amount of $3,510,353.88 plaintiffs are entitled to interest, costs and fees in amounts which will be proved at trial.

**WHEREFORE,** Plaintiffs pray as follows:

A. For Judgment on all causes of action in favor of Plaintiffs and against Defendants awarding Plaintiffs damages in an amount to be determined at trial;

And

B. For such other and further relief as the Court deems just and proper under the circumstances, together with costs and disbursements of this action.

Date: December 22, 2021,

JOHN F RYAN COUNSELOR AT LAW

John Francis Ryan
Attorney for Plaintiffs
320 8th Avenue, Suite 2R
Brooklyn, NY 11215
Telephone: (718) 378-7620
John.ryan@johnfryancounseloratlaw.com

# SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   XL Insurance Company, (AXA)  was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of of the State of New York  with an office and place of business at 200 Liberty Street, 25th Floor, New York, New York 10281

**Defendant's Legal Status and Place of Business:**

Defendant All-Ways Forwarding Int'l Inc. was and is a business entity duly organized and existing under and by virtue of the laws of  the State of New Jersey with an office and place of business at 701 Newark Avenue, Suite 300, Elizabeth, NJ 07208

| | |
|---|---|
| **Plaintiff:** | XL Insurance Company, (AXA) |
| **Defendant /Carrier:** | All-Ways Forwarding Int'l., Inc. |
| **Bill of Lading/Waybill No.:** | HXZ20110010C, HXZ20110010A and HEZ20100427 |
| **Container No(s).:** | TCLU8496786 & TCNU4828658 |
| **Consignee:** | Argento SC BY SICURA Inc. |
| **Place of Receipt:** | Yantian, CN |
| **Port of Loading:** | Yantian, CN |
| **Port of Discharge:** | Los Angeles, CA |
| **Port of Delivery:** | Los Angeles, CA |
| **Vessel/Voyage:** | M/V ONE APUS 006E |
| **Date of Shipment:** | 11.19.2020 |
| **Description of Goods:** | Hair Dryers, automatic soap dispenser, protective phone cases |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $243,583.17 |

# SCHEDULE B

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff XL Insurance Company, (AXA) was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of of the State of New York with an office and place of business at 200 Liberty Street, 25th Floor, New York, New York 10281

**Defendant's Legal Status and Place of Business:**

Defendant Yang Ming Marine Transportation Corp. was and is a business entity duly organized and existing under and by virtue of the Taiwan, with an office and place of business at One Newark Center 1085 Raymond Boulevard, 9th Floor, Newark NJ 07102.

| | |
|---|---|
| Plaintiff: | XL Insurance Company |
| Defendant /Carrier: | Yang Ming Marine Transportation Corp |
| Bill of Lading/Waybill No.: | YMLUW490382767 |
| Container No(s).: | CAIU787936, TCNU1044288, and TCNU4609515 |
| Consignee: | LEMAN USA |
| Place of Receipt: | ICD TRANSIMEX |
| Port of Loading: | CAI MEP, TCIT |
| Port of Discharge: | Long Beach, CA |
| Port of Delivery: | Long Beach, CA |
| Vessel/Voyage: | M/V ONE APUS 006E |
| Date of Shipment: | 14/11/2020 |
| Description of Goods: | Bathroom Vanity |
| Nature of Loss: | Non-delivery and/or physical or damage |
| Amount of Loss: | $66,275.00 |

# SCHEDULE C

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff XL Insurance Company, (AXA) was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of of the State of New York with an office and place of business at 200 Liberty Street, 25th Floor, New York, New York 10281

**Defendant's Legal Status and Place of Business:**

Defendant Danmar Lines Ltd., a/k/a Danmar Lines AG was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and plce of business at peter Merian-Strasse 88 P.O. Box 2680 Basel 4002, Switzerland.

| | |
|---|---|
| **Plaintiff:** | XL Insurance Company |
| **Defendant /Carrier:** | Danmar Lines Ltd., a/k/a Danmar Lines AG |
| **Bill of Lading/Waybill No.:** | HKGA92755 |
| **Container No(s).:** | HLBU2267773 |
| **Consignee:** | NCAB Group UK |
| **Place of Receipt:** | Hong Kong |
| **Port of Loading:** | Hong Kong |
| **Port of Discharge:** | Long Beach, CA |
| **Port of Delivery:** | El Paso, TX |
| **Vessel/Voyage:** | M/V ONE APUS 006E |
| **Date of Shipment:** | 17/11/2020 |
| **Description of Goods:** | Bare Printed Circuit Boards |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $12,152.00 |

## SCHEDULE D

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Nexus Underwriting Management Ltd. was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 52-56 Leadenhall Street, London EC3A 2EB.

**Defendant's Legal Status and Place of Business:**

Defendant Ocean Freight Companies Inc., a/k/a OEC Group was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state, with an office and place of business at 2200 Lind Ave., SW STE 909 Renton, WA 98005.

| | |
|---|---|
| Plaintiff: | Nexus Underwriting Management Ltd. |
| Defendant /Carrier: | Ocean Freight Companies Inc., a/k/a OEC Group |
| Bill of Lading/Waybill No.: | OERT202704 |
| Container No(s).: | HDMU6828289 and KOCU4407705, KOCU4785829 and TRLU8232247 |
| Consignee: | Kaliber Global LLC |
| Place of Receipt: | Yantian Pt. |
| Port of Loading: | Yantian Pt. |
| Port of Discharge: | Long Beach, CA |
| Port of Delivery: | Long Beach, CA |
| Vessel/Voyage: | M/V ONE APUS 006E |
| Date of Shipment: | 19/11/2020 |
| Description of Goods: | Plastic Assorted Toys |
| Nature of Loss: | Non-delivery and/or physical or damage |
| Amount of Loss: | $111,574.01 |

# SCHEDULE E

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Humax Co. Ltd., Inc was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state and is a subsidiary of Humax Holdings Co., Ltd., with an office and place of business at Humax B/D,2,Yeongmun-Ro, Cheoin-Gu, Yongin-Si, Gyeonggi-Do, 449-934, South Korean

**Defendants Legal Status and Place of Business:**

Defendant Kuehne+Nagel, Inc. d/b/a Blue Anchor America Line was and is a business entity duly organized and existing under and by virtue of the laws of New Jersey with an office and place of business at 10 Exchange Place, 19th Floor, Jersey City, NJ 07302

Defendant Yang Ming Marine Transportation Corp. was and is a business entity duly organized and existing under and by virtue of the Taiwan, with an office and place of business at One Newark Center 1085 Raymond Boulevard, 9th Floor, Newark NJ 07102.

| | |
|---|---|
| **Plaintiff:** | Humax Co., Ltd. |
| **Defendants /Carriers:** | Kuehne + Nagel, Inc. d/b/a Blue Anchor America Line and Yang Ming Marine Transport Corp. |
| **Bills of Lading/Waybill No.:** | BANQBKK26760644810-0396-009.038, BANQBKK26776964810-0396-010.013, YMLUW488028951 & YMLUW488029258 |
| **Container No(s).:** | YMMU 6115956, SEGU4585802 and CAIU7683451 |
| **Consignee:** | Humax USA, Inc. |
| **Place of Receipt:** | Lat Krabang, Thailand |
| **Port of Loading:** | Laem Chabang, Thailand |
| **Port of Discharge:** | Long Beach, CA |
| **Port of Delivery:** | South Bend, In and Railto, CA |
| **Vessel/Voyage:** | M/V ONE APUS 006E |
| **Date of Shipment:** | 10/11/2020 |
| **Description of Goods:** | Set Top Box, Tri-Band Voice Gateway |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $2,497,141.92 |

## SCHEDULE F

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff APTIV plc was and is a an American Auto Parts Company and business entity duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 5 Hanover Quat, Grand Canal Dock, Dublin Ireland.

**Defendant's Legal Status and Place of Business:**

Defendant Danmar Lines Ltd., a/k/a Danmar Lines AG was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Peter Merian-Strasse 88 P.O. Box 2680 Basel 4002, Switzerland.

| | |
|---|---|
| **Plaintiff:** | APTIV plc |
| **Defendant /Carrier:** | Danmar Lines Ltd., a/k/a Danmar Lines AG |
| **Bills of Lading/Waybill Nos.:** | SZXA90740, HKGA93042, HKGA92808, HKGA91983, HKGA92856, HKGA92810 |
| **Container No(s).:** | KKFU6962946, HLBU2267773, CAIU4244497, |
| **Consignee:** | APTIV SERVICES US LLC |
| **Place of Receipt:** | Hong Kong |
| **Port of Loading:** | Hong Kong |
| **Port of Discharge:** | Long Beach, CA |
| **Port of Delivery:** | EL PASO, TX |
| **Vessel/Voyage:** | M/V ONE APUS 006E |
| **Date of Shipment:** | 17/11/2020 |
| **Description of Goods:** | Printed Circuit Board |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $238,895.06 |

# SCHEDULE G

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Electrolux Holdings, Inc. was and is an American business entity duly organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 10200 David Taylor Dr., Charlotte, NC 28262-2373

**Defendant's Legal Status and Place of Business:**

Defendant Yang Ming Marine Transportation Corp. was and is a business entity duly organized and existing under and by virtue of the Taiwan, with an office and place of business at One Newark Center 1085 Raymond Boulevard, 9th Floor, Newark NJ 07102.

| | |
|---|---|
| **Plaintiff:** | Electrolux Holdings Inc |
| **Defendant /Carrier:** | Yang Ming Marine Transportation Corp |
| **Bill of Lading/Waybill No.:** | YMLUW221001804, YMLUW224001918, YMLUW488029738 and YMLUW224001884 |
| **Container No(s).:** | YMLU8784387, YMMU6056869, CAIU7962137, YMMU6205582, SEGU4591106, TCNU1885720, CAIU7693043 and BEAU4528122 |
| **Consignee:** | Electrolux Major Appliances, North America and Electrolux Home Products, Inc |
| **Place of Receipt:** | Laem Chabang, Thailand |
| **Port of Loading:** | Laem Chabang, Thailand |
| **Port of Discharge:** | Long Beach, CA |
| **Port of Delivery:** | Fontana, CA |
| **Vessel/Voyage:** | M/V ONE APUS 006E |
| **Date of Shipment:** | 10/11/2020 |

**Description of Goods:**     Refrigerator, Rangehoods, Freezers and other Major Appliances

**Nature of Loss:**     Non-delivery and/or physical or damage

**Amount of Loss:**     $240,000.00